■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STACY SEPPINNI, Respondent.—Orders, Supreme Court, New York County, entered July 24, 1979, and November 14, 1979, are reversed, on the law and the facts, the motion to suppress is denied and the indictment is reinstated. A police "911" operator received a call from a man who identified himself as Eddie Jones who stated he was calling from inside Bogan's Bar at 116th Street and Eighth Avenue, Manhattan; that there was a black man there wearing a beige suit with a flower in his lapel who was carrying a pistol and looked like he was hunting to shoot someone tonight. The police went to the bar, saw the defendant there, a black man wearing a beige suit with a flower in his lapel, seized him and found a loaded pistol worn in the small of his back, plus an additional six rounds of ammunition in his pocket. Defendant was indicted for criminal possession of a weapon in the third degree. On a motion to suppress, the Supreme Court suppressed the weapon and thereafter dismissed the indictment. In the present case there were details, which the police found on arrival at the bar, that sufficiently supported the reliability of the informer who had readily given his name on request. There remains the question of *People v Elwell* (50 NY2d 231) whether there was a sufficient showing of the basis of the informant's knowledge. *People v Elwell (supra),* indicates that the information that the informer furnishes may itself be such as to indicate that it was based on personal observation of criminal activity. Here the informant said that he was calling from the bar in which the man with the gun was. This would seem to be an indication of the basis of the informant's knowledge sufficient to warrant the police action. Concur—Ross, Silverman and Carro, JJ.

Fein, J. P., dissents in a memorandum as follows: The facts are fairly stated in the majority opinion for reversal. I would affirm on the careful opinion of Justice George Bundy Smith, the suppression Judge. As that

opinion notes, it is necessary first to "examine the predicate for the police action and then determine whether or not that predicate justified the extent of the official intrusion on the individual." *(People v Stewart,* 41 NY2d 65, 66.) In *Stewart,* the anonymous tip "a male Negro wearing a long green coat was in front of 101 South Oxford Street" with a gun was held insufficient to sustain a search. "In that situation, the police have only the common-law power to inquire for purposes of maintaining the *status quo* until additional information can be acquired" *(People v Stewart, supra,* p 69). A verbal and visual inquiry was appropriate, not an immediate search. Before a police officer "places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so." *(Sibron v New York,* 392 US 40, 64.) *People v La Pene* (40 NY2d 210), almost on all fours with our case, granted suppression where the anonymous phone call was that there was a male Negro wearing a red shirt with a gun in a bar. The police went to the bar and, without any preliminary inquiry of the defendant or anyone else, ordered the defendant, who fit the description, to freeze and raise his hands, after which they frisked him. In *Stewart* there was a "long green coat", in *La Pene,* a "red shirt", here "a beige suit with a flower in the buttonhole". These differences in style of clothing are hardly of constitutional significance. In each case there was a seizure and search without preliminary inquiry, premised solely on the tip and the observation that the person seized fit the description at the designated location. The majority relies upon the most recent decision on this troublesome issue of the right to seize and search premised upon an informant's tip *(People v Elwell,* 50 NY2d 231). The majority suggests that because the informant identified himself by name and stated he was calling from the bar in which defendant was apprehended and because defendant conformed to the description given, the details were sufficient to support both the reliability of the informer and the reliability of the information as based on personal observation of criminal activity. In my view, this misses the point of *Elwell,* which states at page 234: "Probable cause for such an arrest or search will have been demonstrated only where there has been confirmation of sufficient details suggestive of or directly related to the criminal activity informed about to make reasonable the conclusion that the informer has not simply passed along rumor, or is not involved (whether purposefully or as a dupe) in an effort to 'frame' the person informed against." In *Elwell* the known and reliable informant's telephone tip was that Steve Elwell and Joanne Smith were in possession of a .25 caliber pistol in a red Le Mans with a CB antenna on the back bearing New York registration 915 DWY. The police found the car in a driveway at the indicated location. Shortly thereafter a woman drove the car to a nearby grocery. The police followed her there and back to the driveway. Sometime later the same woman, accompanied by a man, entered the car, the man driving. A short distance away the car was stopped. The occupants, Steve Elwell and Joanne Smith, were advised the police had information that Elwell had a loaded firearm in his possession. A search of Elwell revealed nothing, but a loaded .25 caliber Colt automatic was found under the front seat. Suppression was directed, because "a warrantless search or arrest will be sustained only when the police observe conduct suggestive of, or directly involving, the criminal activity about which an informant who did not indicate the basis for his knowledge has given information to the police, or when the information furnished about the criminal activity is so detailed as to make clear that it must have been based on personal observation of that activity". By that standard, suppression was required here. The descriptive

information in *Elwell,* as in *Stewart* and *La Pene* was at least as detailed as that furnished here. In *Elwell* the informant was vouched for as reliable on the basis of prior reliable information given. Here the hitherto unknown informant gave his name and said he was calling from the bar, surely no certificate of reliability. The police observed no criminal activity or even suspicious activity before the seizure and search. *Elwell* requires suppression. The orders appealed from, suppressing the physical evidence and dismissing the indictment, should be affirmed.