THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUBY

DEAN, Respondent.—Order of the Supreme Court, New York County, entered February 5, 1979, suppressing physical evidence and order of the Supreme Court, New York County, entered May 1, 1980, dismissing the indictment, both unanimously reversed on the law, and on the facts, the motion to suppress physical evidence denied, the indictment reinstated and the matter remanded for further proceedings. The facts in this case are substantially undisputed. Officers Murray and Kaczoroski were assigned to radio motor patrol on October 4, 1978. At about 8:45 that morning they were in a coffee shop at 150th Street and Eighth Avenue when they were approached by a male with a full-grown beard who was known by sight to Officer Murray and with whom he had exchanged pleasantries on a number of occasions. The man informed the officers that a woman across the street, wearing a brown sweater, had a gun which he had seen in her handbag. At about the same time he pointed out the defendant as the person referred to by him. While the name of the informant was then unknown to both officers, Officer Kaczoroski obtained it then or later. However, by reason of an objection sustained by the hearing court, he was prevented from putting the name of the informant on the record. The officers then approached defendant. Murray, who was in the lead, unlocked his holster and placed his hand on his gun without drawing it. Kaczoroski remained five feet to his rear, with gun drawn for the purpose of covering Murray. When Murray reached the defendant he said to her, "We have information that you have a gun in your pocketbook. May I look in it". As Murray reached for the pocketbook, defendant handed it to him. "It was—sort of half and half. I reached for it and she sort of gave it to me at the same time". In the bag Murray found a box of shells. He then looked at defendant and noticed a bulge in her waistband. He put his hand on the bulge and felt a revolver. He removed the revolver and placed defendant under arrest. The hearing court granted the motion to suppress, concluding that there was an insufficient basis for the reasonable suspicion leading to the "stop and pat down". We disagree. The complex nature of urban society, with its propensity to serve as a breeding ground for crime, has focused attention upon societal needs in relation to individual liberties. The quest to reasonably protect the one without unduly infringing upon the other has impelled the courts to "seek to balance society's interest in the detection and prevention of crime and in the protection of the lives and safety of law enforcement officers with the interest of individuals in living their lives free from governmental interference. Therefore, whether there has been an unreasonable breach of legitimate expectations of privacy involves consideration of (1) the nature and scope or severity of the interference with individual liberty, (2) the public interest served, and (3) the objective facts upon which the enforcement officer relied, in light of his knowledge and experience" (People v Howard, 50 NY2d 583, 589; see, also, People v De Bour, 40 NY2d 210). Here, the intrusion was, in the circumstances, minimal. There was no general search. Initially, that to which the attention of the police had been directed by the information furnished was the focus of examination. Only when that examination indicated reasonable ground to believe that a weapon would be found did Murray frisk the defendant. In light of the many crimes in which handguns are involved, there is no need to expand on the societal interest involved. Finally, the objective facts known to the police and on the basis of

which they acted have been held, on numerous occasions, to be an appropriate predicate for police activity *(People v Sustr,* 73 AD2d 582, mot for lv to app den 49 NY2d 896; *People v Seppini,* 77 AD2d 852). Accordingly, we conclude that there was here no infringement of defendant's Fourth Amendment rights. Concur—Kupferman, J. P., Birns, Silverman, Bloom and Carro, JJ.