OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, motion to suppress statements made by defendant in response to police interrogation at the 24th Precinct granted, and a new trial ordered:
 

 Defendant, at the request of police investigating a homicide, notified the local precinct house by telephone that he, accompanied by his attorney, would report for questioning. On arriving at the precinct, defendant asked whether his
 
 *750
 
 attorney was there and was told that he had not yet arrived. Defendant then met with the officer in charge of the investigation, who had received defendant’s earlier message. Defendant told the officer that he was awaiting his attorney’s arrival, and gave the officer the attorney’s business card. The officer informed defendant of his
 
 Miranda
 
 rights and asked whether he would answer questions. In response to the interrogation, defendant made inculpatory statements. Defendant’s pretrial suppression motion was denied with respect to these statements. The statements were admitted at trial. He was convicted of manslaughter in the first degree.
 

 Defendant’s acts adequately apprised the police that he had retained an attorney with respect to the matter under investigation and that he wished his attorney to be present during questioning. Thus, defendant, although not in custody, had affirmatively acted to interpose an attorney between himself and the police during questioning (see
 
 People v Skinner,
 
 52 NY2d 24). Inasmuch as defendant’s right to counsel had attached, and the right could not be waived in the absence of counsel, defendant’s statements made in response to the police interrogation were improperly obtained and should have been suppressed. The fact that defendant’s attorney had not directed that the police cease interrogation, as was the case in
 
 Skinner,
 
 is immaterial. We note that although
 
 Skinner,
 
 which requires reversal in this case, was decided well after the trial court denied defendant’s motion to suppress, we nevertheless are required to apply the rule retroactively to those cases in the appellate process (see
 
 People v Pepper,
 
 53 NY2d 213).
 

 Defendant also argues that the statement he blurted out to police while in the holding pen prior to his arraignment should have been suppressed. Both courts below found this statement to have been spontaneous, and this court finds no basis to disturb this finding as a matter of law (cf.
 
 People v Lanahan,
 
 55 NY2d 711).
 

 Defendant’s other claims have been considered and are found to be without merit.
 

 
 *751
 
 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones', Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc.