OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the judgment reinstated.
The People appeal from an order of the Appellate Division which reversed a judgment convicting defendant of sexual abuse in the first degree. The Appellate Division held that the trial court erred in receiving defendant’s inculpatory statements in evidence in violation of his right to counsel.
The charge arose from an incident occurring September 27, 1977 when defendant, a 19-year-old school bus driver, sexually molested a 10-year-old handicapped girl who was a passenger on the bus. When the New Rochelle police learned of the incident from the girl’s mother the next day, they contacted defendant through his employer, who was also his uncle, and asked him to come to the police station for questioning. He agreed to do so and brought his uncle with him. Defendant denied to the police that he had touched the girl and he left the station after only brief questioning. When further investigation created doubts about defendant’s denial, however, the police contacted his uncle on October 4 and requested that he bring defendant *729 to the station again for further questioning. At this time, defendant admitted inaccuracies in his earlier statement but he continued to deny touching the victim and, at his uncle’s suggestion, defendant agreed to take a polygraph examination. The police attempted to make an appointment with the State Police for that purpose, but they were unable to do so. Finally, on October 10 Detective De Marco telephoned defendant to notify him that an examination had been scheduled for October 13. Defendant responded that he was “perfectly willing to take * * * the test” and added that he was going to Manhattan that day to meet his mother and then to see an attorney. He did not know where he was to meet the attorney nor did he mention the purpose of his visit.
On the morning of October 13 when Detective De Marco called defendant to arrange the trip to the State Police barracks in Somers, New York, he asked him about his visit to the attorney. Defendant answered that he had not seen an attorney and that he was still willing to take the test. De Marco then picked up defendant and drove him to Somers. During the course of the polygraph proceedings at the State Police barracks, defendant made the challenged inculpatory statements.
Defendant moved before trial to suppress these statements, alleging that his Fifth Amendment rights had been violated under the rule in Miranda v Arizona (384 US 436). Both Trial Term and the Appellate Division held otherwise. The Appellate Division reversed on the law, however, holding that defendant had been denied his constitutional right to counsel and citing People v Woodard (64 AD2d 517) and People v Skinner (52 NY2d 24). We find neither case dispositive of this appeal. Woodard involved custodial interrogation during which an Assistant District Attorney ignored defendant’s “clear and categoric” request for the assistance of counsel. Skinner involved noncustodial interrogation after the police were aware defendant had retained counsel. In this case, defendant was not subject to custodial interrogation nor had his right to counsel attached. Accordingly, the police were free to question him if he chose to talk to them.
*730 We have held that once an individual in custody has expressed the need for counsel, evidence subsequently obtained from him by the police in the absence of counsel and without counsel’s consent will be excluded from use upon his trial (see People v Cunningham, 49 NY2d 203, 209-210; People v Hobson, 39 NY2d 479; see, also, People v Marrero, 51 NY2d 56, 59). This is so because such protection is necessary as a shield to protect the individual “against the awesome and sometimes coercive force of the State” (see People v Rogers, 48 NY2d 167, 173). By parity of reasoning, once a critical stage of the proceedings occurs, usually when the investigatory stage is over and the accusatory stage has started by the filing of formal charges, the right to counsel attaches whether defendant requests counsel or not. The police may not thereafter question him nor may he waive counsel without counsel’s presence (People v Settles, 46 NY2d 154).
In this case, defendant was free for two weeks while the police investigated this crime and he had competent adults, his uncle and apparently his mother also, with whom he could consult. He talked to the police on several occasions and saw no need for a lawyer. It was not enough to invoke his right to counsel under the circumstances that he suggested to the police that he might consult a lawyer (see People v Johnson, 55 NY2d 931; cf. People v Ellis, 58 NY2d 748). His statements were admissible unless he had retained counsel on the matter under investigation to the knowledge of the police (People v Skinner, 52 NY2d 24, supra) or had unequivocally informed the police of his intention to do so. Since he had done neither at the time his statements were obtained, they were admissible in evidence.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order reversed and judgment of Westchester County Court reinstated in a memorandum.