■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON MAJOR, Appellant. — Judgment of the Supreme Court, New York County (Goldman, J.), rendered on June 12, 1981, which convicted the defendant-appellant of murder in the second degree after a nonjury trial, unanimously affirmed. On March 11, 1980, See Yen Eng was murdered in an apartment on West 49th Street in Manhattan. His body was discovered at approximately 8:20 P.M. on that date in plastic bags in a shopping cart not far from that apartment. A trail of blood led police from the shopping cart to the apartment. After uniformed police officers followed the trail to the apartment, police detectives learned from the building's doorman that the tenant of the apartment, Mary Ortega, accompanied by a man, had left the building at approximately eight o'clock with a shopping cart and two plastic bags. Officers and detectives then entered the apartment, which was designated a "crime scene" after an officer noticed reddish brown stains on the bathroom tiles and tub. While the investigation

continued, uniformed officers were posted at the apartment with instructions to detain any persons attempting to enter the apartment. At approximately 3:00 A.M. the following morning, appellant, accompanied by Ortega and two other persons, attempted to enter the apartment and all were detained for questioning. Shortly thereafter, detectives arrived and asked the four people to accompany them to the precinct for questioning in connection with the investigation. It is not shown that appellant or any of his companions protested going to the precinct, or that such co-operation was other than voluntary. (See *People v Rowell*, 59 NY2d 727.) Although a majority of this court would affirm on the ground that any detention was supported by the existence of probable cause, we unanimously hold only that appellant consented to accompanying the officers, and that any evidence he subsequently provided was given voluntarily. We have examined the other points raised by appellant and find them to be legally insufficient. Concur — Kupferman, J. P., Sullivan, Ross, Milonas and Alexander, JJ.