■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORDAN ROBERT MARCUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered July 8, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements.

Ordered that the judgment is affirmed.

The police were informed by an identified private citizen informant that the codefendant Bela Borcsok related to him the circumstances concerning the death of the victim, David Moriarty, The contents of that statement, implicating both Borcsok and the defendant in the Moriarty homicide, were previously articulated in *People v Borcsok* (107 AD2d 42). Based on this information and other corroborating facts independently obtained by the police pursuant to their investigation into the Moriarty death, the hearing court found that there was probable cause to arrest both the defendant and Borcsok. We agree. An identified private citizen informant is to be treated differently than unnamed paid informants because "[t]he average citizen who provides the authorities with information as to observed criminal activity does so with no expectation of private gain" *(People v Hicks,* 38 NY2d 90, 94; *see, People v Cantre,* 95 AD2d 522, 526, *affd* 65 NY2d 790). Therefore, in light of the independent corroborative facts obtained by the police prior to the informant's statement, the authorities justifiably relied on its contents in arresting the defendant and Borcsok *(cf. People v Johnson,* 66 NY2d 398, 402-403).

The hearing court's findings as to the defendant's knowing and intelligent waiver of his constitutional rights were also supported by the record. Thus, there is no basis for reversal *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Sanchez,* 109 AD2d 761, 762; *People v Armstead,* 98 AD2d 726).

Finally, the sentence imposed was not unduly harsh or excessive. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.