■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EDWARDS, Appellant.

We reject the defendant's contention that his statements should have been suppressed because the police allegedly placed him in custody without probable cause in order to question him. The record unequivocally establishes, and the hearing court found, that the defendant voluntarily consented to accompany the detectives to the precinct. Indeed, the record is barren of any indication that the police used force, threats or intimidation to coerce the defendant into accompanying them, and he was neither handcuffed nor restrained in any manner. Additionally, while at the precinct, the defendant was informed that if he chose not to talk to the officers but was subsequently found to have been involved in the crime, he would be taken into custody *at a later date.* Under these circumstances, the defendant was not in police custody at the time he made the challenged statements *(see, e.g., People v Quartararo,* 113 AD2d 845; *People v Baird,* 111 AD2d 1044; *People v Villeroel,* 106 AD2d 481; *People v Mertens,* 97 AD2d 595; *People v Bryant,* 71 AD2d 564, *affd* 50 NY2d 949, *cert denied* 449 US 958).

In any event, the hearing court correctly concluded that the detectives had probable cause to arrest the defendant, had they been so inclined, based upon their prior receipt of a written and sworn statement from a citizen informant who was reliable and which indicated that the defendant had criminally possessed stolen property *(see generally, People v Johnson,* 66 NY2d 398; *People v Marcus,* 123 AD2d 788; *People v Inman,* 80 AD2d 622; *People v Seppinni,* 77 AD2d 852, *appeal dismissed* 54 NY2d 625).

Furthermore, the defendant's contentions concerning the

issue of consensual police entry upon his premises are not preserved for appellate review as a matter of law *(see, e.g., People v Tutt,* 38 NY2d 1011; *People v Carolina,* 112 AD2d 244).* Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.