THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PERSONALE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of arson in the second degree and other crimes as a result of a fire at the home of his former girlfriend and her family. He argues on appeal that an incriminating statement made to the police on September 30 should have been suppressed because earlier that day in a telephone conversation the police had been informed by his sister that he had retained counsel. Defen-

dant's statement was admissible "unless he had retained counsel on the matter under investigation to the knowledge of the police [citation omitted] or had unequivocally informed the police of his intention to do so" *(People v Rowell,* 59 NY2d 727, 730). Since defendant does not contend that he informed the police that he intended to retain counsel, the only issue is whether he had in fact retained counsel and, if so, whether the police knew it. Neither defendant nor his attorney testified at the suppression hearing. Defendant's mother testified that she thought an attorney was hired on September 26, and that she "assumed" her son had hired the attorney on September 27. This contradictory testimony is insufficient to establish representation by counsel. The only other testimony that counsel had been retained was hearsay testimony by defendant's sister that she had been so informed by defendant's mother. Thus, defendant has failed to prove that he was represented at the time he made the statement.

We have examined defendant's other contentions and we find them to be without merit. (Appeal from judgment of Ontario County Court, Henry, J.—arson, second degree, and criminal mischief, second degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.