■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
VICTOR FENEQUE, Appellant.—Appeal by the defendant from a
judgment of the Supreme Court, Queens County (Linakis, J.),
rendered May 14, 1985, convicting him of manslaughter in the
first degree, upon his plea of guilty, and imposing sentence.
The appeal brings up for review the denial, after a hearing
(Lakritz, J.), of that branch of the defendant's omnibus motion
which was to suppress statements made by him to law en-
forcement officers.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his confession
should have been suppressed on the ground that the police
allegedly placed him in custody without probable cause in
order to question him *(see, People v Edwards,* 124 AD2d 818,
*lv denied* 69 NY2d 827). The record unequivocally establishes,
and the hearing court found, that the defendant voluntarily
accompanied the detectives to the police station. The defen-
dant was neither handcuffed nor frisked, and, in fact, was able
to throw a packet of cocaine under the police car as he exited
*(see, People v Quartararo,* 113 AD2d 845). Additionally, the
record establishes that the questioning at the precinct was
conducted under noncustodial circumstances. The defendant

was free to leave until he confessed to the crime. The fact that the defendant was given his *Miranda* rights does not compel a finding that he was in custody, particularly under these circumstances *(see, People v Busuttil,* 115 AD2d 655). In sum, there is no reason to disturb the factual finding of the hearing court that the defendant was not in custody until he confessed *(see, People v Prochilo,* 41 NY2d 759).

We also find no merit to the defendant's contention that his right to counsel was violated. The right to counsel attaches even though the interrogation is conducted in a noncustodial setting where the person "unequivocally" informs the police of his intention to retain counsel for the matter under investigation *(see, People v Rowell,* 59 NY2d 727). In this case, there was no request for counsel made by the defendant, and the hearing court found that the defendant's father only asked the police whether counsel was needed. Such a question does not invoke the defendant's right to counsel *(see, People v Hartley,* 65 NY2d 703; *People v Johnson,* 55 NY2d 931, *revg* 79 AD2d 201).

Lastly, under the totality of the circumstances, the defendant was afforded effective assistance of counsel *(see, People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803; *People v Boero,* 117 AD2d 814). Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.