OPINION OF THE COURT
William D. Friedmann, J.
sixth amendment right to counsel considered
Three issues regarding the Sixth Amendment attachment (or entry) of counsel are considered in the context of a Huntley /right to counsel inquiry:
(1) Did law enforcement officers have knowledge of the entry of defendant Phillip Amato’s counsel before an undercover taping of his conversations on April 27, 1987?
*1060 (2) Who has the burden of proof with respect to a Sixth Amendment right to counsel suppression application?
(3) If suppression is denied, is a defendant entitled to a "second bite” through jury instructions?
Specifically, suppression is sought with respect to the undercover taping of a conversation on April 27, 1987 at or after 9:00 p.m. between defendant Phillip Amato and Joseph Minchella, an agent of a three-agency joint law enforcement task force (New York City Fire and Police Departments and the District Attorney’s Office for Queens County) which was investigating a fire that had occurred April 20, 1987 on Gladwin Avenue in Flushing, Queens.
CONTENTIONS OF THE PARTIES
Defendant maintains that law enforcement officials knew he was represented by attorney (Norman Rosen, Esq.), and should not have taped the alleged conversation without contacting Mr. Rosen. Accordingly, the taped conversations should be suppressed pursuant to the Sixth Amendment of the US Constitution and article I, § 6 of the NY Constitution.
Law enforcement personnel claim they did not have any knowledge or effective constructive notice of defendant’s representation by counsel until on or after they had heard the tape in question played.
RIGHT TO COUNSEL THE LAW IN NEW YORK STATE
Pursuant to the Sixth and Fourteenth Amendments of the US Constitution, a defendant’s right to counsel attaches only at or after the time that he has been indicted (an adversarial judicial proceeding having been initiated against him) (Kirby v Illinois, 406 US 682, 688 [1972]).
However, based on New York State law, the right to counsel attaches at an earlier stage. (See, People v Rogers, 48 NY2d 167; People v Cunningham, 49 NY2d 203; People v Bartolomeo, 53 NY2d 225.)
In People v Skinner (52 NY2d 24 [1980]), the New York Court of Appeals extended the right to counsel to include someone not in custody, but who is being questioned with respect to a police investigation and it is known by the police then that the person has an attorney.
Noncustodial statements are therefore not admissible if the *1061 suspect has "retained counsel on the matter under investigation to the knowledge of the police or [has] unequivocally informed the police of his intention to do so” (People v Rowell, 59 NY2d 727, 730 [emphasis added]).
The Appellate Division, Second Department, in People v Short (110 AD2d 205 [1985]) applied the Skinner rule to noncustodial tape-recorded statements by an informant after the right to counsel had attached.
BURDEN OF PROOF ON RIGHT TO COUNSEL APPLICATION
Before ascertaining whether law enforcement personnel had knowledge about the entry of counsel, the court must inquire as to the quantum and procedures to determine who has the burden of proof in a noncustodial "attachment of counsel” application. No precedent as to noncustodial Skinner-Short (supra) authority seems available.
The Court of Appeals in People v Rosa (65 NY2d 380, 387 [1985]) determined that once a defendant puts forth his right to counsel claim, the People have the burden of going forward to justify police conduct. After that, it is then up to the defendant to show that he was represented by counsel at a particular time.
Here, defendant Phillip Amato, seeing substantial differences between custodial cases such as Rogers-Bartolomeo (supra) and noncustodial cases such as Skinner-Short (supra), contended at the suppression hearing that a defendant has the burden in the first instance of going forward to establish that he was represented by counsel within the meaning of Skinner. That, thereafter, the People have the ultimate burden of proving that a defendant’s noncustodial statements were not elicited in violation of his right to counsel.
This court rejects defendant’s analysis, adopting the procedural format enunciated in Rosa (supra), finding no justification to make any distinction. However, a question remains. What is the quantum of evidence to be presented by a defendant, in asserting his entry and attachment of counsel claim (preponderance, clear and convincing, etc.). This is so even in the context of either a custodial or noncustodial setting.
Since the issue lacks any appellate examination, this court has chosen to apply the preponderance standard of proof, often used in identification and tangible property suppression cases.
*1062 SECOND-BITE JURY SUBMISSION REJECTED
Although it has been determined that defendant Phillip Amato was represented by counsel before his taped conversation with Joseph Minchella, the second-bite contention is not moot as to the collateral application of codefendants Ugo Serrone and Michael Scotto.
Relevant authority and comment strongly suggest that the right to counsel concerning Fifth Amendment rights is always a question of fact to be determined by the court as a matter of law except where the issue of voluntariness arises. In those circumstances the Trial Judge may submit the question of voluntariness to the jury for a "second-bite” reconsideration. (See, Sobel, The "Second-Bite” Role Of The Jury In The Admissibility Of Confessions In New York, 48 Brooklyn L Rev 1-42 [fall 1981].)
This court finds no trial or appellate authority dealing with an extension of the "second-bite” doctrine into Sixth Amendment right to counsel situations (People v Medina, 138 Misc 2d 653).* Inasmuch as the "voluntariness” of a statement bears peculiarly upon Fifth Amendment considerations and does effect the factual predicate of a Sixth Amendment attachment determination, it does not seem justified or logical to permit the jury a "second-bite” reconsideration (Ringel, Searches & Seizures, Arrests and Confessions § 24.4, at 24 [1987 ed]).
CONCLUSIONS OF LAW
The April 27, 1987 taped conversation of defendant Phillip Amato was made in a noncustodial, noncoerced, though deceptive environment. It was plainly voluntary within the meaning of CPL 60.45. Therefore, the Huntley aspect of defendant’s application is denied (People v Huntley, 15 NY2d 72 [1965]).
The court finds the defendant by a preponderance of the evidence has proven imputed knowledge and/or notice to law enforcement officials that counsel had entered the case on his behalf on April 27, 1987 approximately 7 or 8 hours before he was taped by the law enforcement agent, Joseph Minchella. The court also finds the "new crime” exception to the criminal solicitation count not applicable.
*1063 In this case, the "two-bite” jury determination does not apply with respect to a Sixth Amendment right of counsel consideration.
Therefore, the motion to suppress recorded statements of defendant Phillip Amato is hereby granted.

 During preparation of this decision for publication, this court became aware of Justice Kleiman’s well-reasoned opinion which discusses the "second-bite” theory and burden of proof.