■ The People of the State of New York, Respondent, v Brenda L. Davis, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted, and defendant remanded to Jefferson County Court for further proceedings on the indictment. Memorandum: Defendant was convicted upon her plea of guilty of one count of felony murder. In the course of their investigation of the crime charged, two Deputy Sheriffs, having previously obtained statements from a codefendant, went to defendant's home to interview her. After receiving her *Miranda* warnings, defendant agreed to talk to them. In the course of the questioning by the Deputies, which commenced about 9:00 P.M. on August 25, 1985, the officers indicated to defendant that the codefendant had given them information that he had inserted a broom stick in the victim's vagina, which ultimately led to her death. When asked if she had observed these acts, defendant became hysterical, started crying and stated: "I want a lawyer here right now to talk with you guys." At the suppression hearing, the officers stated that they calmed defendant down and the questioning continued, during which time defendant made inculpatory statements. The officers testified that they did not take defendant's request for counsel seriously. The interview terminated at about 11:00 P.M. and it was agreed that defendant would meet again with the officers the following day.

On August 26, the officers met with defendant, who agreed to accompany them to the Sheriff's office. After again receiving *Miranda* warnings, defendant agreed to talk to the officers and subsequently gave audiotaped, videotaped, and written confessions implicating herself in the crime.

After a suppression hearing, the court held that defendant had indeed invoked her right to counsel during the questioning by the Deputies on the evening of August 25, 1985 and that questioning should have ceased. Thus, all statements made by defendant following her invocation of her right to counsel on August 25 were suppressed. However, the court held that the confessions that defendant gave the following

day need not be suppressed because the amount of time that had elapsed "attenuated" any right to counsel defendant had invoked on the previous day. That was error.

The attenuation doctrine has no application to the facts in the instant case. Unlike the invocation of the Fifth Amendment right to remain silent, which a suspect may later waive *(see, People v Grant,* 45 NY2d 366), once a defendant has invoked his right to counsel, this right cannot be waived outside the presence of an attorney *(People v Esposito,* 68 NY2d 961; *People v Cunningham,* 49 NY2d 203; *People v Rogers,* 48 NY2d 167, 171). Any subsequent uncounseled statements given by defendant must be suppressed *(People v Lubanski,* 148 AD2d 947). The Court of Appeals recently observed that "the right to counsel protects persons, whether in custody or not, against the use of incriminating statements made as the result of governmental interrogation" *(People v Velasquez,* 68 NY2d 533, 536; *see also, People v Rowell,* 59 NY2d 727, 730; *People v Feneque,* 133 AD2d 646, 647). In this case, although defendant was not in custody when she invoked her right to counsel, she was certainly being subjected to police interrogation.

Since the suppression court correctly found that defendant had invoked her right to counsel, all statements made by her must be suppressed. (Appeal from judgment of Jefferson County Court, Aylward, J.—murder, second degree.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.