■ The People of the State of New York, Respondent, v Charles Fedora, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's motion to suppress his inculpatory statement on the ground that it was obtained in violation of his right to counsel was properly denied. Defendant testified that he had retained counsel and had told Investigator Eisenhauer that he had retained counsel prior to making the inculpatory statement. Defendant's self-serving testimony was inconsistent and contradictory and was not supported by the testimony of defendant's father or attorney. The court refused to credit the testimony, as it was entitled to do, and that determination is supported by the record (see, People v Yukl, 25 NY2d 585, 588, cert denied 400 US 851). The statement of defendant's father to defendant, "We'd better get in touch with a lawyer", made in the noncustodial setting of their home, did not result in the "indelible attachment of the right to counsel" (People v Hartley, 65 NY2d 703, 705; People v Rowell, 59 NY2d 727, 730). (Appeal from judgment of Jeffer-

son County Court, Aylward, J.—burglary, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.