■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VATAJ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered May 5, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to a police informant.

Ordered that the judgment is affirmed.

Prior to the defendant's telephone conversations with the police informant, the police had personally interviewed the defendant at length. During an interview conducted on April 6, 1983, which was held in a noncustodial setting, the defendant was friendly and cooperative. At no time did he ever assert his intention to retain counsel.

On April 13, 1983, the defendant was again interviewed by the police, this time at his residence. Again, at no time during that visit did the defendant express any desire to speak with an attorney or to otherwise assert his right to counsel. Indeed, the defendant voluntarily spoke with the police for 20 to 30 minutes in a cooperative manner. However, immediately after the police left his residence, the defendant consulted an attorney.

Later that same day, one of the officers who had visited the defendant telephoned. In the ensuing conversation, no mention was made by the defendant of the fact that the defendant had secured legal representation. However, in the subsequent

taped telephone conversation with a police informant, the fact that counsel had been retained was mentioned, although the context indicated that the defendant had retained counsel for the benefit of the informant. Similarly, in a taped telephone conversation with the informant the following day, the defendant again mentioned the fact that he had secured legal representation for both the informant and himself.

A defendant may not be questioned by the police if, by his acts, he has "adequately apprised the police that he [has] retained an attorney with respect to the matter under investigation and that he wishe[s] his attorney to be present during questioning" *(People v Ellis,* 58 NY2d 748, 750). This he failed to do. In the instant case, although the defendant spoke to police officers on two occasions on the day he consulted with an attorney, he never directly informed the police that he had retained counsel and he kept this fact from the police in a telephone conversation occurring after counsel had been retained. The only reference to the retention of counsel occurred in conversations with an informant that the defendant did not know was working for the police. These references indicated that the attorney had been retained by the defendant to prevent any further questioning of the informant. Under such circumstances, it cannot be said that the defendant "affirmatively acted to interpose an attorney between himself and the police during questioning" *(People v Ellis, supra,* at 750; *see, People v Skinner,* 52 NY2d 24). Since knowledge of the retention of counsel cannot, under these circumstances, be reasonably imputed to the police, the County Court properly refused to suppress statements made in his telephone conversations with the informant *(see, People v Rowell,* 59 NY2d 727, 730).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Vataj,* 69 NY2d 985). Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.