■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. HINCHY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of intentionally killing an eight-year-old boy. Defendant had been alternatively charged with depraved indifference murder. We find no merit to defendant's contention that the court's instruction to the jury on the intentional murder count impermissibly changed the theory of the prosecution. The People's bill of particulars specified that defendant had caused the death of the victim, under both counts of the indictment, by choking,

hitting, and kicking him. In *People v Roberts* (72 NY2d 489), upon which defendant relies, the indictment and the People's response to defendant's discovery demand indicated that defendant had killed the victim by striking her, but at trial the People proved that defendant had caused the victim's death by manual strangulation. The Court of Appeals held that the People, having specified that defendant struck the victim to cause her death "were not then free to present proof at trial that virtually ruled out that theory as the cause of death and substituted another one" *(People v Roberts, supra,* at 498).

Here, defendant was given adequate notice that choking the victim was one of the acts alleged under both counts of the indictment. Moreover, the People presented defendant's own signed statement in which he admitted that he had choked the boy, then hit and kicked him.

We conclude that defendant's statements to the police on August 3, 1987, and August 5 through 6, 1987, were properly admitted into evidence. The suppression court's determinations that defendant was not in custody on August 3 and August 5, and that defendant voluntarily waived his rights following *Miranda* warnings *(Miranda v Arizona,* 384 US 436) before giving a written statement on August 6, 1987, are entitled to great weight *(see, People v Prochilo,* 41 NY2d 759, 761). Upon our review of the record, we find that the suppression court's determinations are supported by the evidence and should not be disturbed.

Nor was defendant's right to counsel violated during the noncustodial questioning by Buffalo police officers. Defendant was neither represented by counsel on the matter under investigation, nor did he make an unequivocal statement to the police that he intended to secure counsel in this matter *(see, People v Davis,* 75 NY2d 517, 522; *People v Rowell,* 59 NY2d 727, 730; *People v Feneque,* 133 AD2d 646).

We have examined the remaining issues raised by defendant and find them lacking in merit. We decline to modify defendant's sentence in the interest of justice. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Murder, 2nd Degree.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.