■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HART, Appellant. [594 NYS2d 942] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contentions that his conviction of operating a motor vehicle while in an impaired condition and aggravated unlicensed operation of a motor vehicle in the first degree was not supported by legally sufficient evidence or was against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We also find no merit to defendant's contention that Supreme Court erred in failing to suppress his statements to the police, the results of his physical performance tests, and evidence of his refusal to submit to a chemical test to determine his blood alcohol content, because the police violated his right to counsel. Defendant's statements to the police occurred during the police investigation of the traffic accident before his arrest and were "designed to clarify the nature of the situation" *(People v Huffman,* 41 NY2d 29, 34). The record establishes that defendant's statements were not the product of custodial interrogation because an innocent man would not have thought himself to have been in police custody at the time of the questioning *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Mallory,* 175 AD2d 623, *lv denied* 78 NY2d 1013; *People v Gilyard,* 145 AD2d 568; *People v Centano,* 153 AD2d 494, *affd* 76 NY2d 837). Because the interview of defendant was conducted in a non-custodial setting, his right to counsel attaches only if he unequivocally

requests an attorney during the questioning *(see, People v Feneque,* 133 AD2d 646; *see also, People v Dawson,* 166 AD2d 808, 810, *lv denied* 77 NY2d 876). Additionally, a person arrested for driving while intoxicated has the right to consult a lawyer before deciding whether to consent to a sobriety test only if the person makes a specific request for the assistance of counsel *(see, People v Shaw,* 72 NY2d 1032; *People v Gursey,* 22 NY2d 224, 227). Here, defendant's statements to the police that he should have counsel did not unequivocally inform the police of his intention to retain counsel, or that he wanted the opportunity to consult with an attorney before speaking to the police or undertaking the sobriety tests. Defendant's statements, therefore, were insufficient to invoke his right to counsel *(see, People v Rowell,* 59 NY2d 727; *People v Johnson,* 55 NY2d 931, *revg on dissenting opn* 79 AD2d 201, 203; *People v Feneque, supra; see also, People v Hartley,* 65 NY2d 703, 705).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Aggravated Unlicensed Operation Motor Vehicle, 1st Degree.) Present—Callahan, J. P., Green, Balio, Lawton and Doerr, JJ.