■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN CUMMINGS, Respondent. [597 NYS2d 436] —Appeal by the People from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated March 5, 1992, as, upon reargument, adhered to a determination in a prior order dated December 3, 1991, granting that branch of the defendant's omnibus motion which was to suppress a noncustodial pre-arrest statement made by him to the police on September 25, 1990.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, so much of the prior order dated December 3, 1991, as granted that branch of the defendant's omnibus motion which was to suppress the noncustodial pre-arrest statement made by him to the police on September 25, 1990, is vacated, and that branch of the defendant's omnibus motion which was to suppress a noncustodial pre-arrest statement made by him to the police on September 25, 1990, is denied.

On September 21, 1990, a truck crossed the center median on Conduit Boulevard in Brooklyn and struck an oncoming automobile driven by Dennis McGroarty, who subsequently died as a result of injuries sustained in the crash. The defendant was subsequently indicted for the crime of leaving the scene of an incident without reporting.

A police investigation of the accident disclosed that the car was owned by a corporation wholly controlled by the defendant's father. In their investigation of the accident, the police spoke with the defendant's father at the precinct shortly after the incident, and thereafter, on Saturday, September 22, 1990, they spoke to the defendant and several other people at the defendant's father's garage, as to "who had access to the vehicle, where the vehicle was".

On Monday, September 24, 1990, an attorney called Sergeant Bardat at Highway Patrol Precinct Number 2, and advised Bardat "that his client would be in on the 25th to

surrender". The attorney did not identify his client or specify the time that his client would surrender, but merely stated "that it had to do with the accident on * * * Conduit Boulevard". Sergeant Bardat conveyed that information to Detective Cerami that night by telephone, and left a note for Cerami with that information, which Cerami found when he came to the precinct at 6:00 A.M. on September 25, 1990.

At about 8:30 A.M. on September 25, 1990, the defendant and his father came to the precinct and encountered Detective Cerami. Cerami asked the defendant "what he was doing, what he wanted"? The defendant, in response, stated "that he was driving the truck that was involved in the accident on Conduit Boulevard that night".

The Supreme Court suppressed this statement, as well as a post-arrest statement which is not the subject of this appeal, on the ground that the police knew, or should have known, that the defendant was represented by counsel, and improperly questioned the defendant in the absence of counsel.

The record is devoid of any evidence which would indicate that the police knew, or should have known, upon the defendant's initial entry into the precinct, that the defendant was represented by an attorney, and was in fact the client whom the attorney had mentioned to the police. The attorney never gave his client's name, or his client's estimated time of arrival at the precinct, to the police. Nor did the defendant volunteer any information in this regard prior to Cerami's initial question. Moreover, the evidence indicated that the police had ascertained that other people had access to the truck on the night in question. Under these circumstances, it would be unreasonable to charge the police with knowledge of the attorney's representation of the defendant at this initial stage of their encounter with him. Therefore, Cerami's initial non-custodial questioning of the defendant did not violate the defendant's right to counsel (cf., People v Skinner, 52 NY2d 24; People v Ellis, 58 NY2d 748), and his noncustodial pre-arrest statement to the police on September 25, 1990, should not have been suppressed. Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.