■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIE MULLINS, Appellant. [668 NYS2d 799] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts each of assault in the first degree (Penal Law § 120.10) and criminal possession of a weapon in the second degree (Penal Law § 265.03) stemming from two separate incidents. He was charged as a principal in one of the incidents and as an accomplice in the other. Because the evidence with respect to the assault in which defendant was charged as a principal was admissible to establish identity and intent with respect to the assault in which he was charged as an accomplice (*see, People v Read,* 175 AD2d 602, *lv denied* 79 NY2d 863), the criminal transactions were properly joined under CPL 200.20 (2) (b). Once the offenses were properly joined, Supreme Court "lacked statutory authority to sever" (*People v Bongarzone,* 69 NY2d 892, 895; *see, People v Lane,* 56 NY2d 1, 7; *People v Christopher,* 101 AD2d 504, 533, *revd on other grounds* 65 NY2d 417, *rearg denied* 65 NY2d 1054). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Meyer, J.—Assault, 1st Degree.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.