THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. LYNCH, Appellant. [787 NYS2d 749]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered August 22, 2003. The judgment convicted defendant, upon his plea of guilty, of sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of one count of sodomy in the first degree (Penal Law former § 130.50 [1]) in full satisfaction of a 36-count indictment charging him with one count each of rape in the first degree (§ 130.35 [1]), assault in the second degree (§ 120.05 [6]), assault in the third degree (§ 120.00 [1]) and unlawful imprisonment in the second degree (§ 135.05), and 31 counts of aggravated harassment in the second degree (§ 240.30 [1] [a]). By pleading guilty, defendant forfeited his present

contention that County Court erred in denying his motion pursuant to CPL 200.20 to sever the aggravated harassment counts from the remaining counts (*see People v Smith,* 290 AD2d 464 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Rivera,* 267 AD2d 40 [1999]). In any event, we conclude that defendant's contention lacks merit. The proof underlying the aggravated harassment counts was "material and admissible as evidence in chief upon a trial" with respect to the remaining counts because of its bearing on the issues of defendant's intent and whether the sexual acts were consensual (CPL 200.20 [2] [b]), and thus the motion was properly denied (*see People v Mullins,* 247 AD2d 885, 886 [1998], *lv denied* 92 NY2d 928 [1998]; *People v Cobo,* 245 AD2d 72 [1997], *lv denied* 91 NY2d 1006 [1998]).

Also contrary to the contention of defendant, the court properly denied his suppression motion. Although defendant asked the police whether he needed an attorney, that question does not constitute an unequivocal request for counsel (*see People v Hinchy,* 170 AD2d 997, 998 [1991], *lv denied* 78 NY2d 1011 [1991]). In any event, the record establishes that defendant voluntarily accompanied the police to the police station and waived his right to the presence of counsel (*see People v Davis,* 75 NY2d 517, 522-523 [1990]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Martoche and Hayes, JJ.