People v Griffin (2022 NY Slip Op 02651)

People v Griffin

2022 NY Slip Op 02651

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.

27 KA 18-00878

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TODD GRIFFIN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ANDREW G. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered April 25, 2017. The judgment convicted defendant upon a plea of guilty of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon his pleas of guilty during a single plea proceeding of, respectively, assault in the first degree (Penal Law § 120.10 [1]) and arson in the second degree (§ 150.15). We affirm in both appeals. 
As defendant contends in both appeals and the People correctly concede, defendant's waiver of the right to appeal is invalid. Supreme Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of the waiver and failed to identify that certain rights would survive the waiver (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 564-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant further contends in both appeals that he was denied effective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018] [internal quotation marks omitted]; see People v Singletary, 51 AD3d 1334, 1335 [3d Dept 2008], lv denied 11 NY3d 741 [2008]). Here, defense counsel obtained favorable pleas, which resolved numerous felony charges under two separate indictments and significantly reduced defendant's sentencing exposure. She also successfully obtained suppression of some of defendant's statements to police. Defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" for defense counsel's alleged shortcomings (People v Rivera, 71 NY2d 705, 709 [1988]).
To the extent that defendant contends that he was denied effective assistance of counsel by defense counsel's failure to adequately communicate with him or to advise him that he faced consecutive terms of imprisonment, his contention involves matters " 'between defendant and his attorney outside the record on appeal, and it must therefore be raised by way of a motion pursuant to CPL 440.10' " (People v Brinson, 192 AD3d 1559, 1560 [4th Dept 2021]; see People v Barnes, 56 AD3d 1171, 1171-1172 [4th Dept 2008]). To the extent that defendant contends that defense counsel was ineffective for failing to satisfactorily review the appeal waiver with defendant, we conclude that "such claim is rendered moot as a result of our determination that the appeal waiver was invalid" (People v Downs, 194 AD3d 1118, 1119 [3d Dept 2021], lv denied 37 NY3d 971 [2021]). Furthermore, to the extent that defendant contends that defense counsel coerced him into pleading guilty, we conclude that his contention is "belied by his [*2]statements during the plea proceeding[]" (People v Shanley, 189 AD3d 2108, 2109 [4th Dept 2020], lv denied 36 NY3d 1100 [2021] [internal quotation marks omitted]; see People v Manor, 121 AD3d 1581, 1583 [4th Dept 2014], affd 27 NY3d 1012 [2016]).
Defendant's contention with respect to both appeals that the court erred in granting the People's motion to consolidate the two indictments for trial was forfeited by his guilty plea (see People v Martinez, 105 AD3d 1458, 1458 [4th Dept 2013], lv denied 22 NY3d 1042 [2013]; People v Lynch, 13 AD3d 1142, 1142-1143 [4th Dept 2004], lv denied 4 NY3d 800 [2005]).
Contrary to defendant's further contention in both appeals, we conclude that the sentences are not unduly harsh or severe. We have considered defendant's remaining contention raised in these appeals and conclude that it does not warrant reversal or modification of the judgments.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court