*1019 OPINION OF THE COURT
Harold J. Rothwax, J.
The defendants move to suppress evidence obtained as the result of court-ordered electronic surveillance on the grounds that the officers who executed the warrant failed to adequately minimize the interception of communications not otherwise subject to eavesdropping. (CPL 700.30, subd 7.)
The threshold question is whether the movants have standing to invoke the statutory remedies.
In this State, the law on standing, in relation to the fruits of electronic surveillance, is asertained through a statutory cross reference between CPL 710.10 (subd 5) and CPLR 4506 (subd 2), which defines an "aggrieved person” to include the sender or receiver in a telephone conversation or a participant in an oral conversation which was overheard without a party’s consent. The statute also includes as an "aggrieved person” those against whom the overhearing was directed (CPLR 4506, subd 2, par [c]). Though the defendants fall within these statutory parameters, and are thus able to assert claims regarding invasions of their own privacy rights sufficient to warrant an analysis of their own conversations, they request that the court allow them to challenge allegedly improper police conduct (the failure to minimize) which allegedly invaded the privacy of others. The statutes are silent as to the standing of the defendants in this situation.
Indeed, the legislative history of section 2510 et seq. of title 18 of the United States Code, the model upon which the New York statutes are drawn (see People v McGrath, 46 NY2d 12, 26), indicates an intent to reject a concept of standing which would permit a third party to vicariously assert the violation of another’s rights.
The late Senator Philip Hart sponsored an amendment to section 2510 of title 18 of the United States Code which would have given standing to "person[s] against whom the communication, or evidence derived therefrom, is sought to be used,” to challenge illegal police surveillance. Senator Hart’s explanation stated that the "proposed amendment gives standing to challenge a surveillance order to any person against whom an intercepted communication is sought to be introduced in evidence” (114 Cong Rec 12508; emphasis supplied).
It is clear that Congress, by rejecting this proposal, indicated a legislative intent to restrict standing to those whose own rights had been violated.
*1020 The decisional law likewise supports the conclusion that the defendants lack standing to assert, as third parties, the privacy rights of others. Most recently the Appellate Division, Second Department, in People v Weiss (63 AD2d 662, 663) held that "[t]he Fourth Amendment right against unreasonable searches and seizures has been held to be a personal right (Alderman v United States, 394 US 165). A defendant must therefore show that his own right to privacy has been violated (United States v Ricco, 421 F Supp 401). In the case at bar, neither of the defendants had any property interest in the tapped premises. Trevorah was not a party to any of the taped conversations and Weiss, although a party to six of the taped conversations, has made no specific allegation of lack of minimization as to those conversations. Therefore neither of the defendants had a valid, cognizable claim.”
As Weiss demonstrates, New York continues to follow the Federal rule which limits standing and does not permit a litigant to assert the rights of third parties.
On the Federal level, the Court of Appeals for the Second Circuit has affirmed the stance of the Second Department in Weiss. In a line of cases dating back to United States v Poeta (455 F2d 117), that court has refused to extend standing for minimization purposes to third parties to vicariously contest the suppression rights of others. (See, also, United States v Fury, 554 F2d 522; United States v Ricco, 421 F Supp 401; United States v Aloi, 449 F Supp 698; United States v Baker, 443 F Supp 526.)
The above authority is bolstered by the recent decision of the United States Supreme Court in Rakas v Illinois, (439 US 128). There the court held. (p. 134) that "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person’s premises or property has not had any of his Fourth Amendment rights infringed.”
In so ruling, the court indicated that it was reaffirming the position previously enunciated in Alderman v United States (394 US 165) that absent a personal invasion of privacy, no Fourth Amendment rights of a defendant are violated by an illegal search. Rakas interpreted Alderman to mean that "persons who were not parties to unlawfully overheard conversations or who did not own the premises on which such conversations took place did not have standing to contest the *1021 legality of the surveillance, regardless of whether or not they were the 'targets’ of the surveillance.” Rakas v Illinois, supra, p 136.)
Thus the "target” theory of standing was explicitly rejected by the court.
Whether or not the so-called "automatic standing” rule first enunciated by the Supreme Court in Jones v United States (362 US 257), and followed by our Court of Appeals in People v Hansen (38 NY2d 17), remains unscathed in the light of Rakas is a debatable question. Less debatable is the proposition that Jones’ automatic standing formula, in whatever guise it now stands, does not impinge on the type of standing which these defendants now assert or affect our analysis of the cases at bar.
The judicial gloss which Rakas imposes on Jones is the notion that "Jones on its facts merely stands for the unremarkable proposition that a person can have a legally sufficient interest in a place other than his own home so that the Fourth Amendment protects him from unreasonable governmental intrusion into that place.” (Rakas v Illinois, supra, p 142. )
Standing in Jones was based on a possessory interest which is entirely absent in these cases. The defendants have no colorable possessory interest in the premises where the taps were installed and are not confronted with a Jones type dilemma of having to risk self incrimination in order to assert standing (see Simmons v United States, 390 US 377). In the instant cases we are concerned with incorporeal rights of a nonpossessory nature.
Thus, in order to obtain standing the defendants must look to a line of cases, beginning with Katz v United States (389 US 347), which hold that the "capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place” (Rakas v Illinois, supra, p 143. )
Where defendants, as here, seek to assert standing to attack minimization procedures in relation to conversations other than their own, they have the burden of establishing a "legitimate expectation of privacy” in regard to those challenged conversations. The defendants have not met this burden, this threshold predicate of standing, and the weight of statutory *1022 and. decisional authority is clearly against the position they maintain.
Even if we are in error in holding, as we do, that the defendants lack standing to challenge the minimization of third-party conversations, our examination of the procedures established by the District Attorney’s office and the executing police officers to monitor conversations satisfactorily demonstrates that a conscientious effort was made by the State to minimize all nonpertinent conversations. Significant are the small number of calls alleged to be nonpertinent and the general brevity of the conversations which were recorded.
The defendants’ assertions of inadequate minimization are largely conclusory and lack specificity.
The defendant Shapiro challenges only four conversations in which he was overheard. The defendant Edelstein challenges only one such conversation. The court has reviewed the transcripts of these conversations and finds that they were properly intercepted and pertinent and that no minimization was, therefore, necessary. In the light of this review there is no need for a hearing as there is no disputed issue of fact.
The motion to suppress evidence on the grounds of inadequate minimization is denied.
The defendant Edelstein has moved to reargue this court’s decision and order of October 27, 1978, which, (pp 30-31) found that the tapes were properly and timely sealed and, which (p 33) found that the need to protect the secrecy of an on-going Grand Jury investigation justified the failure to serve notice.
The motion to reargue is granted. Upon reviewing the submissions of the parties, the court adheres to its original determination.