THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
NELSON POWELL, Appellant.

Fourth Department, December 20, 1989

### APPEARANCES OF COUNSEL

*Richard H. Speranza (James Rizzo* of counsel), for appellant.

*Peter L. Broderick, District Attorney (Shavasp Hanesian* of counsel), for respondent.

### OPINION OF THE COURT

DILLON, P. J.

The indictment charged defendant with burglary in the first degree (Penal Law § 140.30 [2]), burglary in the second degree (Penal Law § 140.25 [2]), assault in the second degree (Penal Law § 120.05 [2]) and criminal mischief in the fourth degree (Penal Law § 145.00). He appeals from a judgment convicting him of the assault and criminal mischief counts. The conviction for assault must be reversed because the trial court, at the close of proof, erroneously granted the People's motion to amend the count of the indictment charging that crime. A dismissal of the assault count is also required because the evidence submitted at trial is legally insufficient to support the count as charged in the indictment.

Proof of the relevant underlying facts was essentially the same before the Grand Jury and at trial. The defendant, the victim and a woman were involved in a "love triangle". The woman had dated both men, but testified that on the date of the alleged crimes she was dating only the victim. On February 29, 1988, she and the victim were in an apartment which had been rented by defendant but which he had previously

vacated at the woman's request. The defendant hurled himself through the front window of the apartment and attacked the victim. He struck the victim on the back of the head with a ceramic lamp, but the blow caused only a bump or bruise. The victim then struck defendant with a baseball bat and the bat broke into two pieces. The two men ceased fighting for a brief period but, when the victim's attention was diverted, defendant, using the heavy end of the baseball bat, struck the victim on the side of the head causing a 4½ centimeter laceration. The latter blow was characterized as "the most serious strike".

The assault count of the indictment reads as follows:

"And the Grand Jury aforesaid, by this indictment, further accuse the defendant, NELSON POWELL of the crime of Assault in the Second Degree in violation of Section 120.05 (2) of the Penal Law of the State of New York, committed as follows:

"That on or about the 29th day of February, 1988 in the City of Lockport, Niagara County, New York, the defendant, with intent to cause physical injury to another person, caused such injury to such person or to a third person by means of a deadly weapon or dangerous instrument, to wit: defendant caused physical injury to Gary Bennett by striking him on the head with a lamp, thereby causing a laceration."

At the close of the evidence, the prosecutor moved to amend the count to state that the injury was caused by means of a baseball bat rather than a lamp. After stating that the proof demonstrated "two different assaultive instances", the court granted the motion to "leave out the lamp" and stated that only the bat would be referred to in his charge. Thereafter, in summations and charge, the issue presented to the jury was whether defendant had caused physical injury to the victim by striking him on the head with a bat. The jury acquitted defendant of the burglary counts, and convicted him of the assault and criminal mischief counts.

CPL 200.70 (1) permits a court to amend an indictment when the "amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits." Subdivision (2) of the statute specifically proscribes an amendment "in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it". The amendment permitted here did not correct a defect or

error relating to a matter of form *(see, People v Ganett,* 51 NY2d 991), but instead made a significant, substantive change in the theory of the prosecution and seriously prejudiced the defendant on the merits *(see, People v Grega,* 72 NY2d 489; *cf., People v Spann,* 56 NY2d 469; *People v Iannone,* 45 NY2d 589).

Although it is not essential to its validity that an indictment charging assault in the second degree refer to the specific "deadly weapon or * * * dangerous instrument" used to cause physical injury *(see,* Penal Law § 120.05 [2]), here the Grand Jury chose to include in its factual allegations a specific reference to the dangerous instrument used to cause the injury. We cannot, and need not, divine the grand jurors' mental processes in concluding that defendant should not be indicted for assault by use of a baseball bat but should be indicted for assault by use of a lamp. It is enough that the judgment was made and that the case was tried almost to conclusion on that theory of prosecution. No effort was made to amend the indictment until it was belatedly recognized that the blow from the baseball bat was the more serious of what was characterized by the trial court as "two different assaultive instances". The People may not await the close of proof at trial to seek such a significant change in the indictment.

■ This case is closely analogous to *People v Roberts* (72 NY2d 489) where the People's proof at trial contradicted the factual allegations of the indictment and the court held that the variance in proof violated the constitutional and statutory requirements of fair notice to the defendant. The prejudice to defendant here is manifest. By permitting the amendment, the court foreclosed defendant from arguing, as a matter of both law and fact, that the blow from the lamp did not cause "physical injury" within the meaning of the statutory definition of that term *(see,* Penal Law § 10.00 [9]). To establish defendant's guilt of assault in the second degree as charged in the indictment, the People were required to prove that the blow from the lamp caused the victim to suffer "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, the proof demonstrated that the victim sustained only a bump or bruise. There was no evidence presented that the blow from the lamp caused any degree of pain to the victim or that his physical condition was even minimally impaired as a result. Thus, the evidence was insufficient as a matter of law to prove that the blow from the lamp caused "physical injury" *(see, People v McDowell,* 28 NY2d 373, 375). Indeed, it clearly appears from the record that such failure of

proof prompted the prosecutor to seek the amendment substituting the baseball bat for the lamp. Given that failure of proof, we view the order granting the amendment as effectively dismissing the assault count as charged. We also find that the trial court had no jurisdiction to create a new count in the indictment charging defendant with assault by means of a baseball bat; that function is peculiarly within the jurisdiction of a Grand Jury *(see,* NY Const, art I, § 6; CPL 210.05).

■ In concluding review of this issue, we note that, although defense counsel initially objected to the amendment, he ultimately consented. In the circumstances presented, counsel's consent neither waived nor forfeited defendant's right to review of the issue on the merits. "The right of an accused to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable" *(People v Rubin,* 101 AD2d 71, 77).

Although this appeal is taken from the entire judgment, defendant raises no issue on the propriety of his conviction of criminal mischief in the fourth degree.

Accordingly, defendant's conviction of assault in the second degree should be reversed and the count of the indictment charging that crime should be dismissed. The judgment should otherwise be affirmed.

CALLAHAN, DENMAN, BALIO and LAWTON, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed.