■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD P. CARNEY, Appellant.—Judgment of the Supreme Court, New York County (Thomas Galligan, J.), rendered May 1, 1989, convicting defendant, after a jury trial, of commercial bribe receiving in the first degree and repeated failure to file personal income taxes and sentencing defendant to six months' incarceration and 4½ years of probation, concurrent with five years of probation, respectively, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant, a telephone company warehouse manager, was charged with participating in a scheme whereby he permitted S.P.A. Moving and Storage, an independent contractor which supplied labor, to "pad" its bills to the telephone company in exchange for cash and other benefits, received directly or indirectly from S.P.A. through related corporations. Two employees testified for the People that they worked part time for S.P.A. Their W2 statements at the end of 1985 reflected their own approximations of their gross earnings. However, their wages as reflected by their W2 statements were substantially less than the gross salary indicated in the time clock records, which defendant had authorized for payment by the telephone company. Additionally, these employees testified that they could not have been working on certain shifts for which the telephone company was billed, due to other employment and responsibilities.

The scheme was uncovered during a routine audit. The auditor testified that he was alerted by time clock records which indicated that employees were being paid for eight hours, rather than seven hours daily, reflecting compensation

for lunch hour, in contravention of company policy. When this matter was brought to the attention of defendant's assistant, and eventually to defendant's attention, the auditor received various inconsistent explanations. At this time, the auditor also observed that billings seemed to be out of proportion to the size of the operation, the size of the premises, and the actual work force which he personally had observed during the audit period.

The exchanges between the auditor and defendant, or defendant's assistant, concerning billings for lunch time, were introduced at trial on the theory that this evidence explained how a routine audit prompted a deeper inquiry, and as evidence of defendant's consciousness of guilt. We do not find that this was error. Additionally, evidence was adduced from an investigator for the District Attorney's office that S.P.A., by incorporating certain wholly owned entities, had established what was known as a "doublebreasted" operation. The witness testified that corporate shells are set up so that a particular company can hire nonunion as well as union labor without detection, with salaries for the different categories of employees being run through different accounts. Defendant was the beneficiary of at least two of these accounts, and the inference might have been drawn that defendant was an actual employee of these companies. This evidence was relevant to demonstrate that these shell companies did no actual business, that payments made by them to defendant had no legitimate business purpose, and that the benefits received by defendant in reality came from S.P.A., all of which was relevant to the People's theory at trial that defendant received these financial benefits as a *quid pro quo* for authorizing padded bills to the telephone company. The probative value of this evidence outweighed the potential for undue prejudice, and was properly admissible *(People v Alvino,* 71 NY2d 233). Defendant's claim that the court failed to provide appropriate limiting instructions has been waived for review as a matter of law. *(People v Whalen,* 59 NY2d 273, 280.)

Finally, pursuant to CPL 20.40 (2) (a) and (c), New York County was an appropriate county for venue purposes. Concur —Ross, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.