■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

SUSANA STEPHENSON, Appellant. [608 NYS2d 662] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered May 3, 1991, convicting defendant, after a jury trial, of one count of grand larceny in the third degree, one count of criminal possession of stolen property in the third degree, three counts of criminal possession of a forged instrument in the second degree, and two counts of criminal possession of stolen property in the fourth degree, and sentencing her to concurrent terms of 1 to 3 years on the grand larceny, forged instrument and third degree possession counts and concurrent terms of 1 year on the fourth degree possession counts, unanimously affirmed.

There is no merit to defendant's argument that the court improperly denied her motion to suppress identification testimony. The Westpac employees who showed a single photograph of defendant to a witness four hours before that same witness identified defendant in a lineup were not acting as police agents (see, People v Ray, 65 NY2d 282, 286). In addition, defendant's right to counsel was not violated by the prearrest lineup procedures (see, People v LaClere, 76 NY2d 670, 672).

Defendant's contention that certain evidence was improperly admitted at trial is unpreserved for appellate review (CPL 470.05 [2]), and we decline to review it in the interest of justice. In any event, the People's non-expert witnesses, who testified regarding their familiarity with the peculiar characteristics of defendant's handwriting, were entitled to demonstrate such through the use of both disputed documents and documents known to have been written by defendant (Richardson, Evidence § 375 [Prince 10th ed]). Furthermore, there was a proper foundation for the admission of the computer printout of defendant's account, which was kept in the regular course of business (CPLR 4518). Concur—Rosenberger, J. P., Asch, Rubin, Williams and Tom, JJ.