■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ORTIZ, Appellant. [615 NYS2d 387] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered March 10, 1992, convicting defendant after jury trial of burglary in the third degree and sentencing him, as a second felony offender, to 3½ to 7 years imprisonment, unanimously reversed, on the law, the sentence is vacated and the case is remanded for new trial.

Defendant was arrested shortly after 6:00 A.M. on a Monday morning in July 1991, standing on the street in front of an attorney's office in the Washington Heights section of Manhattan, with a shopping cart full of office equipment worth over $600. The bottom of the security gate at the office had been bent upward to allow someone to crawl underneath, and the front door had been forced open. There was dirt all over defendant's pants and stomach.

The presentation before the grand jury focused on the circumstantial evidence and the elements of burglary in the third degree, viz., unlawful entry with intent to commit a crime therein, and the case was tried on that theory. During the course of trial, a "911" transcript was admitted by stipulation, revealing an unidentified caller's report, in Spanish, of "one or two men breaking into the [lawyer's] office," and that "Two blacks" were inside. (Defendant is Hispanic.) After both sides had rested, the prosecutor prevailed upon the trial court, over objection, to charge the jury on the alternative theory of

"acting in concert," even though there was no evidence to link defendant with an unlawful entry by others. This was an unwarranted amendment of the indictment (CPL 200.70), because it made a significant, substantive change in the theory of the prosecution at the close of trial, resulting in serious prejudice to defendant *(People v Powell,* 153 AD2d 54, *lv denied* 75 NY2d 969). As a result, there is no way of knowing whether the jury reached its verdict based on the theory of the indictment (unlawful entry) or on the alternative theory which is completely at variance (acting in concert with someone else who unlawfully entered).

Among other alleged errors cited, one in particular is worth mention. During cross-examination, the prosecutor questioned defendant as to discrepancies between his testimony and that of the People's witnesses. The prosecutor's request for defendant's opinion of the testimony of the People's witnesses was particularly egregious when it enticed defendant into characterizing the police testimony as lies *(People v Garcia,* 169 AD2d 358, 364, *lv denied* 79 NY2d 857; *see, People v Butler,* 185 AD2d 141). Defendant had no burden to prove that the police witnesses were lying, and any inference created to that effect merely deflected the jury's attention from the real issue —the sufficiency of the People's circumstantial evidence as against defendant's innocent bystander explanation. This burden shifting denied defendant a fair trial. Concur—Murphy, P. J., Wallach, Kupferman and Williams, JJ.