■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TRAVIS, Appellant. [628 NYS2d 915] —Judgment unanimously affirmed. Memorandum: Defendant contends that reversal of the judgment convicting him of attempted robbery in the second degree and assault in the second degree is warranted because the complainant improperly testified to defendant's intent, an issue for the jury. We disagree. The testimony of the complainant that defendant tried to remove the wallet from his pocket during a struggle did not usurp the function of the jury to determine whether defendant intended to commit robbery (see generally, Richardson, Evidence § 363 [Prince 10th ed]; cf., Bogart v City of New York, 200 NY 379, 384-385). In any event, if there was error, it is harmless in light of the overwhelming evidence of defendant's guilt (see, People v Crimmins, 36 NY2d 230, 242). (Appeal from Judgment of Monroe County Court, Maloy, J.—Attempted Robbery, 2nd Degree.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES REYNOLDS, Appellant. [629 NYS2d 355] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the third degree. Defendant contends that the People failed to establish that reasonable suspicion existed to justify the stop of the vehicle in which he was a passenger, and that all evidence derived therefrom should have been suppressed.

We agree with the People that defendant, a mere passenger in the vehicle, failed to establish a reasonable expectation of privacy in the vehicle and therefore lacks standing to challenge its search (see, People v Ponder, 54 NY2d 160, 164-166). Defendant was charged in the indictment and bill of particulars with constructive possession of a weapon pursuant to Penal Law § 265.02 (4). The People did not charge defendant with the statutory presumption of possession in Penal Law § 265.15 (3). Thus, contrary to defendant's contention, the automatic standing rule does not apply (see, People v Wesley, 73 NY2d 351, 360-364; People v Millan, 69 NY2d 514). (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.