■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRIS J. THOMPSON, Appellant. [629 NYS2d 893] —Judgment unanimously reversed on the law and new trial granted. Memorandum: County Court erred in permitting the People to amend the indictment at the close of the People's proof. The

indictment charged defendant with driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). It alleged that defendant operated a vehicle while intoxicated on Route 16 in the Town of Delevan, Cattaraugus County. At trial, the People presented no direct proof that defendant operated the vehicle on the highway. A store clerk at a convenience store on Route 16 testified that, after leaving the store, defendant moved his truck from the paved area of the store parking lot to an adjacent grassy area and then apparently fell asleep. The People moved to amend the indictment to state that defendant operated the vehicle in the store parking lot. The court, over objection, permitted the amendment.

We reject the People's contention that the amendment merely corrected a defect in the description of the place of the event. To prove defendant guilty of operating the vehicle on the highway as alleged in the indictment, the People were required to establish circumstantially that defendant recently operated the vehicle on the highway (see, People v Blake, 5 NY2d 118; People v Saplin, 122 AD2d 498, lv denied 68 NY2d 817). The store clerk testified that she did not observe defendant drive into the parking area of the convenience store and did not observe defendant exit the vehicle before entering the store. By reason of the amendment, and together with proof that the store parking area constituted a "parking lot" within the meaning of Vehicle and Traffic Law § 1192 (7), the People could rest upon the testimony of the store clerk that she saw defendant enter the truck and drive it from the lot to the grassy area. The amendment, therefore, changed the People's theory regarding the manner in which defendant operated the vehicle (see, People v Roberts, 135 AD2d 1026, affd 72 NY2d 489; People v Powell, 153 AD2d 54, lv denied 75 NY2d 969), and it deprived defendant of the defense that he was not intoxicated when driving on the highway or that he drank alcoholic beverages after leaving the roadway and before entering the store. (Appeal from Judgment of Cattaraugus County Court, Ward, J.—Felony Driving While Intoxicated.) Present— Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.