■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN JOHNSON, Appellant. [643 NYS2d 260] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that County Court erred in permitting the People to amend the indictment to allege that defendant stole "money or merchandise". The second count of the indictment charged defendant, a cashier at B.J.'s, with committing petit larceny in that she "stole certain property, to wit: merchandise from B.J.'s Wholesale Club." In their bill of particulars, the People stated that "[t]he merchandise stolen * * * consists of food and clothing as per tapes * * * The movement of the merchandise was to and away from the register." At trial, the People failed to prove that defendant removed merchandise from the register

or store; instead, they presented proof that defendant forged a check in the amount of a cash purchase made by a customer and then removed the cash from the register. At the close of proof, defendant moved to dismiss that count of the indictment based upon the People's failure to prove that defendant stole merchandise from the store, and, in response, the People moved to amend the indictment.

The court erred in permitting that amendment. Having specified in the indictment and bill of particulars the manner in which defendant committed the crime, the People were not free to present evidence at trial that virtually disproved that theory and substitute a different one (*see, People v Grega,* 72 NY2d 489, 498). Defendant focused her defense on the theory that she removed merchandise from the store. Because the amendment changed the theory of the prosecution and seriously prejudiced that defense, the court should have denied the People's motion to amend and should have granted defendant's motion to dismiss that count of the indictment.

We reject defendant's contention that the conviction of criminal possession of a forged instrument in the second degree also must be reversed because it is factually intertwined with the petit larceny charge. The manner in which defendant stole property from B.J.'s is not an element of the crime of criminal possession of a forged instrument in the second degree and her conviction of that offense was not affected by the erroneous amendment (*see, People v Andujas,* 79 NY2d 113 [defendant conceded that conviction of criminal possession of controlled substance in seventh degree not affected by error requiring reversal of conviction of criminal sale and possession of controlled substances in the third degrees]; *People v Cohen,* 50 NY2d 908, *rearg denied* 50 NY2d 1060 [conviction of criminal possession of a weapon in the third degree not affected by improper admission of evidence requiring reversal of conviction of murder in the second degree and criminal possession of a weapon in the second degree]).

We have considered defendant's remaining contention and conclude that it lacks merit. Thus, we modify the judgment by reversing defendant's conviction of petit larceny, vacating the sentence imposed thereon and dismissing count two of the indictment. (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Lawton, J. P., Wesley, Callahan, Balio and Davis, JJ.