THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MEDINA, Appellant. [649 NYS2d 566] —Judgment unanimously affirmed. Memorandum: Defendant contends that, because the amended bill of particulars refers only to shaking the child, it limits the theory of the People's case to such proof. He contends that County Court therefore erred in refusing his request to instruct the jury in accordance with the language of the amended bill of particulars and erred in instructing the jury that they could convict defendant if they found that he impacted the child's head on an object. We disagree. The indictment alleges that defendant caused the death of a child "by repeatedly shaking [the child] and/or impacting his head on an object." A written statement signed by defendant appended to the indictment states that, as he was shaking the child in his portable crib, the child's forehead struck a wall. The amended bill of particulars states that "defendant repeatedly shook the victim". We conclude that the indictment, appended statement and amended bill of particulars fairly apprised defendant that the injury to the child's forehead occurred while defendant was shaking the child, and the amended bill of particulars did not change or limit the theory of prosecution (*see, People v Wideman,* 195 AD2d 582, *lv denied* 82 NY2d 728; *People v Hinchy,* 170 AD2d 997, *lv denied* 78 NY2d 1011). There is no merit to the additional contention that the sentence is unduly

harsh or severe. (Appeal from Judgment of Monroe County Court, Marks, J.—Manslaughter, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.