■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILSON, Appellant. [675 NYS2d 731] —Judgment affirmed. Memorandum: Supreme Court did not err in granting the motion by the People at the commencement of trial to amend their bill of particulars to allege that defendant committed burglary on three occasions by entering unlawfully. Testimony before the Grand Jury supported the charges in the indictment, which alleged with respect to each of the three

counts of burglary that defendant entered or remained unlawfully in the building. The bill of particulars alleged that defendant remained unlawfully in the building on each occasion. Defendant was not prejudiced by the amendment because he was aware of the People's theory from the inception of the case, and he did not request an adjournment beyond that ordered by the court. Further, each burglary count in the indictment was associated with a count of criminal mischief that was related to commission of the burglary by unlawful entering. While the People failed to offer any explanation for the original bill of particulars, there is no evidence that the People acted in bad faith in seeking the amendment. Thus, the court properly permitted the amendment (*see,* CPL 200.95 [8]; *see also, People v Medina,* 233 AD2d 927, *lv denied* 89 NY2d 926).

Defendant did not object to the admission of testimony concerning statements he made to the police or to the admission of his written statement. Thus, he failed to preserve for our review his contention that such evidence was improperly admitted (*see,* CPL 470.05 [2]; *People v Nunez,* 242 AD2d 449, *lv denied* 91 NY2d 877), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

All concur, Wisner, J., not participating. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.