■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN EDWARDS, Appellant. [758 NYS2d 35] —Judgment, Supreme Court, New York County (Micki Scherer, J., at suppression motion; Edwin Torres, J., at jury trial and sentence), rendered February 5, 2002, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The record supports the determinations made by a judicial hearing officer and adopted by the court. Defendant was lawfully arrested on the basis of his offer to sell drugs, during which defendant arranged with the undercover officer for the sale to be consummated shortly thereafter. We conclude that for purposes of probable cause, which does not require proof beyond a reasonable doubt, there was sufficient evidence that defendant had the intent and ability to carry out the sale (*see People v Samuels*, 99 NY2d 20, 24 [2002]). Defendant identified his source of supply and the conversation was specific, unequivocal and not susceptible to an innocent interpretation (*compare People v Gomcin*, 265 AD2d 493 [1999], *appeal dismissed* 95 NY2d 821 [2000]). Defendant's appearance at the scene two hours after offering to sell drugs gave the police further reason to believe that his initial offer was bona fide and that he intended to carry out the sale and had the means to do so.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence supporting the element of intent to sell required for third-degree possession (*see People v Alvino*, 71 NY2d 233, 245 [1987]), including the fact that defendant was found in posses-

sion of 1,503 milligrams of cocaine and his offer to sell drugs to the undercover officer, made only two hours earlier. The clear connection between the possession and the prior offer was not broken by the relatively brief passage of time.

Defendant received fair notice of the charges and was convicted only of charges set forth against him in the indictment as amplified by the bill of particulars (see *People v Grega*, 72 NY2d 489 [1988]). The bill of particulars put him on notice that he was only charged with possession of the drugs recovered from his person, and not the drugs recovered from the codefendant. Furthermore, throughout the trial, it was made abundantly clear to the jury that the People were proceeding under the same theory. The People made no effort to establish that defendant constructively possessed the drugs confiscated from the codefendant, and there was no possibility of jury confusion on this point.

The court properly exercised its discretion in imposing reasonable limits upon defendant's cross-examination of the police chemist and upon his introduction of evidence. We find no impairment of defendant's right to confront witnesses and present a defense (see *Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Sullivan, Ellerin and Lerner, Marlow JJ.