■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRIFFIN, Appellant. [761 NYS2d 419] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered November 15, 2000, convicting defendant after a jury trial of, inter alia, grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [4]) and criminal possession of stolen property in the fourth degree (§ 165.45 [2]). The victim was held up at gunpoint and robbed of her purse and, six days later, she received a telephone call from an employee at Blockbuster Video informing her that videos had been rented using her video rental card. The victim had kept the video rental card in her purse. The employee asked the victim if she wished to view the store's surveillance videotape, and the victim did so with the agreement of the police. A few days later, the victim identified defendant from a photo array as the person who had robbed her. At trial, defendant testified that he did not rob the victim, but he admitted that he had purchased a stolen video rental card from an acquaintance. He also admitted that he was the person depicted in the Block-buster Video surveillance videotape.

Defendant contends that County Court erred in denying his motion to suppress the victim's in-court identification of him on the ground that the viewing of the surveillance videotape by the victim tainted her subsequent identification of defendant from the photo array. We reject that contention. The People did not contend before the suppression court that the Block-buster Video employee was not acting as a police agent in show-ing the videotape to the victim, and thus we do not address that issue on appeal (cf. People v Stephenson, 202 AD2d 280, 281 [1994], lv denied 83 NY2d 915 [1994]). Even assuming that

the employee was an agent of the police, however, we agree with the suppression court upon viewing the videotape that the quality of the videotape was sufficiently poor that it could not be deemed " 'so unnecessarily suggestive as to create a substantial likelihood of misidentification' " (*People v Gee*, 286 AD2d 62, 67 [2001], *affd* 99 NY2d 158 [2002]; *see generally People v Edmonson*, 75 NY2d 672, 677-678 [1990], *rearg denied* 76 NY2d 846 [1990], *cert denied* 498 US 1001 [1990]; *People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

Further, the court properly sentenced defendant to a consecutive term of imprisonment (*see People v Salcedo*, 92 NY2d 1019, 1021 [1998]). The record supports the court's determination that the offenses were committed through distinct acts, not a single act, and thus the court acted within its discretion in imposing a consecutive sentence (*see People v Day*, 73 NY2d 208, 211-213 [1989]). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.