■ In the Matter of Sherman F. Taub et al., Petitioners, v Herbert I. Altman, as Justice of the Supreme Court, New York County, et al., Respondents. [766 NYS2d 203]—

Petition pursuant to CPLR article 78 for a writ of prohibition to prevent the Honorable Herbert I. Altman, as Justice of the Supreme Court, New York County, and Robert M. Morgenthau, as District Attorney of New York County, from continuing with the prosecution of counts 26 through 30 of a New York County indictment, for lack of geographical jurisdiction under CPL 20.40, unanimously denied and the proceeding dismissed, without costs.

Petitioners, Sherman Taub, a resident of Queens, and International Mortgage Servicing Company, a New Jersey partnership of which Taub owns a 50% interest, bring this original proceeding to dismiss five counts of offering a false instrument for filing in the first degree (partnership and individual income tax returns), part of a 34-count indictment charging petitioners and others with various offenses relating to a scheme to steal millions of dollars from a not-for-profit adult home in Far Rockaway, New York. Petitioners contend that the courts of New York County lack geographical jurisdiction over those five counts because petitioners do not reside therein, and the tax returns were not sent from or received in that county.

The People claim that New York County has geographical jurisdiction pursuant to CPL 20.40 (2) (c), in that, "[e]ven though none of the conduct constituting [the five offenses] may have occurred within [New York County] . . . [s]uch conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein." Conduct has a "particular effect" on a county when it "produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction, or result in the defrauding of persons in such jurisdiction." (CPL 20.10 [4].)

Even though petitioners did not execute their tax returns in New York County or mail them there, New York County is an appropriate venue pursuant to CPL 20.40 (2) (c) (*see People v Carney*, 166 AD2d 157 [1990]). As respondent Justice Altman

noted, the loss of tax revenues suffered by New York City as a result of the charged underreporting of income by petitioners on the subject tax returns had a materially harmful impact upon the governmental processes and community welfare of New York County, the seat of New York City government, including the City treasury and the City Department of Finance, and the location of the agency and bank accounts through which tax monies are processed and remitted to the City. Under such circumstances, the grand jury could also reasonably infer that petitioners filed the tax returns with the intent, or at least the knowledge, that the particular effect was likely to occur in New York County. With respect to petitioners' contention that the indictment was facially insufficient for failure to specify the particular effect charged, the bill of particulars put petitioners on notice of the accusations against them, and enabled them to prepare a defense (*see People v Edwards*, 304 AD2d 367 [2003]). Concur—Buckley, P.J., Nardelli, Mazzarelli, Ellerin and Lerner, JJ.