Appeal from a judgment of Oswego County Court (Hafner, Jr., J), entered July 30, 2002, convicting defendant after a jury trial of, inter alia, rape in the third degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of sodomy in the third degree under count four of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of rape in the third degree *1045 (Penal Law § 130.25 [2]) and two counts of sodomy in the third degree (§ 130.40 [2]). County Court sentenced defendant to an indeterminate term of imprisonment of U/s to 4 years for rape, together with a consecutive indeterminate term of U/s to 4 years on one of the sodomy counts, and a concurrent indeterminate term of 1 to 3 years on the other sodomy count.
We agree with defendant that the court erred in allowing the People to amend the indictment at trial to allege that defendant committed third degree sodomy by having penis to anus contact with the victim. That amendment changed the theory of the prosecution concerning the manner in which defendant violated Penal Law § 130.40 (2) (see generally People v Thompson, 217 AD2d 929, 930 [1995]). We therefore modify the judgment by reversing that part convicting defendant of sodomy in the third degree under count four of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment.
We reject defendant’s remaining contentions. The court properly denied the motion of defendant to suppress his oral and written statements. With respect to defendant’s oral statements, made during telephone conversations with the victim that were recorded by police, the court applied the correct legal standard in admitting the audiotapes of those conversations (see People v Pike, 254 AD2d 727 [1998]). While the People concede that the victim was acting as an agent of the police when she telephoned defendant, the calls were recorded with the victim’s consent (see id.), and “the victim did not make a threat that would create a substantial risk that defendant might falsely incriminate himself” (People v Stroman, 286 AD2d 974, 975 [2001], lv denied 97 NY2d 688 [2001]). With respect to defendant’s written statement to police, defendant failed to preserve for our review his contention that the statement must be suppressed as the fruit of the poisonous tree of the telephone conversations between the victim and him (see CPL 470.05 [2]). In any event, given our determination that those telephone conversations were properly admitted in evidence, defendant’s contention lacks merit. Contrary to his further contention, we conclude that defendant was not in custody or coerced in any way into making his statement to police. Defendant was not in handcuffs or otherwise restrained, he voluntarily accompanied the officers to the police station and he was informed that he could leave at any time. We agree with the court that, under the circumstances, a reasonable person in defendant’s position, innocent of any crime, would not have believed that he was in custody (see People v Yukl, 25 NY2d 585, 589 [1969], rearg denied 26 NY2d 845 [1970], cert denied 400 US 851 [1970]; People v *1046 Pristell, 204 AD2d 801, 801-802 [1994], lv denied 83 NY2d 970 [1994]).
We reject the contention of defendant that the court impermissibly enhanced his sentence based on his refusal to accept a proffered plea bargain. “The imposition of a more severe sentence after trial than that offered to defendant pursuant to a plea offer that he rejected, without more, does not support the contention of defendant that he was penalized for exercising his right to go to trial” (People v Samuels, 269 AD2d 859, 859 [2000], lv denied 94 NY2d 925 [internal quotation marks omitted] [2000]). We further reject defendant’s contention that the sentence is unduly harsh or severe. Defendant’s sentence is within the statutory parameters and the court acted within its discretion in imposing a consecutive sentence when it properly determined that “the offenses were committed through distinct acts,” particularly in light of defendant’s failure to express either remorse or responsibility for the crime (People v Griffin, 305 AD2d 992, 993 [2003], lv denied 100 NY2d 582 [2003]; see People v Scott, 288 AD2d 846, 848 [2001], lv denied 97 NY2d 761 [2002]). Defendant failed to “demonstrate that [the court] abused its discretion in sentencing him or that extraordinary circumstances exist that would warrant a reduction of the sentence as a matter of discretion in the interest of justice” (People v Phillips, 224 AD2d 1027, 1027 [1996], lv denied 88 NY2d 940 [1996]).
Defendant failed to preserve for our review his contentions that his statement to police should have been suppressed, or an adverse inference charge given at trial, based on the failure of police to record defendant’s interview (see CPL 470.05 [2]). Finally, we conclude that the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.