■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVIS GRIFFIN, Appellant. [781 NYS2d 177]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 16, 2001. The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree, criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by reversing those parts convicting defendant of criminal possession of a controlled substance in the first and third degrees and as modified the judgment is affirmed, and a new trial is granted on counts 20 and 21 of the indictment.

Memorandum: Following a multiyear investigation, the Attorney General of the State of New York indicted defendant and eight others on numerous drug-related charges. Contrary to the contention of defendant, the Deputy Attorney General possessed the requisite authority to prosecute him (*see* Executive Law § 70-a [7]), resulting in his conviction of conspiracy in the second degree (Penal Law § 105.15), criminal possession of a controlled substance in the first degree (§ 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]).

Following indictment, defendant demanded a bill of particulars specifying the conduct constituting his possession of the controlled substance. In its response to the demand, the prosecution alleged that defendant "did possess" cocaine and that defendant "had physical possession" of the cocaine. The cocaine defendant allegedly possessed was found in a hidden compartment in a car that was registered to one coconspirator and driven by another coconspirator. Defendant's motion to suppress the evidence seized from the car was denied on the ground that defendant lacked standing to challenge the search of the car. At trial, defense counsel cross-examined prosecution witnesses concerning, inter alia, the existence of the hidden compartment, how the compartment was found and whether there was any evidence that defendant knew the compartment existed. Following the close of the prosecution's case, defense counsel moved to dismiss counts 20 and 21 of the indictment, charging defendant with criminal possession of a controlled substance in the first and third degrees. In support of that motion, defense counsel argued that the prosecution had failed to establish defendant's physical possession of the cocaine. Supreme Court sua sponte invited the prosecution to move to

amend the bill of particulars to add a theory of constructive possession of the cocaine. The prosecution so moved, and the court granted the motion to amend and thereafter denied defendant's motion to dismiss counts 20 and 21. Although the court's coaching of the prosecution was inappropriate, we nevertheless conclude on this record that the motion to amend was properly granted.

A court may grant a motion to amend the bill of particulars "[a]t any time during trial" upon finding that there is no "undue prejudice" to the defendant and that the prosecution has acted in good faith (CPL 200.95 [8]; *see People v Lewis*, 277 AD2d 1010, 1011 [2000], *lv denied* 96 NY2d 736 [2001]). Although the amendment effectively changed the theory of the prosecution, we conclude that defendant was aware of the prosecution's actual theory from the inception of the case, and thus the amendment did not result in undue prejudice to defendant (*see People v Wilson*, 252 AD2d 960, 961 [1998], *lv denied* 92 NY2d 931 [1998]; *see also People v Medina*, 233 AD2d 927 [1996], *lv denied* 89 NY2d 926 [1996]). Contrary to the contention of defendant, the amendment did not confer standing upon him to challenge the search of the car because the amendment did not allege possession based on the statutory automobile presumption contained in Penal Law § 220.25 (1) (*see People v Wesley*, 73 NY2d 351, 360-364 [1989]; *People v Reynolds*, 216 AD2d 883 [1995], *lv denied* 86 NY2d 801 [1995]). Contrary to the further contention of defendant, it cannot be said that his cross-examination of the prosecution witnesses would have been different had the bill of particulars alleged a theory of constructive possession from the outset. Indeed, the record establishes that defense counsel's cross-examination of those witnesses was directed at the theory of constructive possession rather than at the issue whether the drugs were found "on the defendant's person or in clothing that he [was] wearing" (*People v Martinez*, 83 NY2d 26, 30 [1993], *cert denied* 511 US 1137 [1994]; *see e.g. People v Coleman*, 177 AD2d 701 [1991], *lv denied* 79 NY2d 945 [1992]; *People v Knight*, 138 AD2d 294, 296-297 [1988], *appeal dismissed* 73 NY2d 992 [1989]).

We conclude, however, that the court erred in denying defendant's request for a circumstantial evidence charge with respect to counts 20 and 21. The bill of particulars was amended to include a theory of constructive possession, which depends upon circumstantial evidence. Although there was direct evidence of defendant's presence in the car, which establishes defendant's control over the area where the drugs were found, there was no direct evidence of defendant's control over the

cocaine. The direct evidence of defendant's control over the area where the drugs were found "requires the drawing of an additional inference to establish defendant's control over the contraband itself and, therefore, the circumstantial evidence charge was required" (*People v David*, 234 AD2d 787, 790 [1996], *lv denied* 89 NY2d 1034 [1997]; *see People v Brian*, 84 NY2d 887, 889 [1994]; *People v Shambo*, 209 AD2d 1011, 1011-1012 [1994], *lv denied* 84 NY2d 1038, 85 NY2d 980 [1995]). Under the circumstances of this case, we cannot conclude that the error is harmless (*see David*, 234 AD2d at 790), and we therefore modify the judgment accordingly.

Defendant failed to preserve for our review his contention that the remaining conviction of conspiracy in the second degree is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject defendant's further contention that the verdict is against the weight of the evidence (*see id.*). Contrary to the contention of defendant, the court properly denied his motion to suppress evidence of a telephone call to a car dealership without conducting a hearing. Defendant's allegations that the telephone call was not properly minimized in accordance with CPL 700.30 (7) were conclusory and lacked specificity (*see People v Edelstein*, 98 Misc 2d 1018, 1022 [1979], *affd* 78 AD2d 797 [1980], *affd* 54 NY2d 306 [1981], *rearg denied* 55 NY2d 878 [1982]; *see also People v Weiss*, 63 AD2d 662, 663 [1978], *affd* 48 NY2d 988 [1980]). In any event, the call was of short duration. Furthermore, in narcotics investigations, "crime-related conversations may be prefaced by innocent 'chatter' and, thus, in such cases, some minor degree of intrusion must take place before a determination of pertinency can be made" (*People v Floyd*, 41 NY2d 245, 249 [1976]).

Finally, we conclude that there is no evidence of "a 'pervasive pattern of misconduct so egregious as to deprive defendant of a fair trial' " (*People v Beers*, 302 AD2d 898, 899 [2003], *lv denied* 99 NY2d 652 [2003], quoting *People v Frazier*, 233 AD2d 896, 897 [1996]), and the sentence imposed on the conspiracy conviction is not unduly harsh or severe.

All concur except Green, J.P., and Scudder, J., who dissent in part in accordance with the following memorandum.

Green, J.P., and Scudder, J. (dissenting in part). We respectfully dissent in part. We agree with the majority that the judgment should be modified by reversing those parts convicting defendant of criminal possession of a controlled substance in the first and third degrees, but our reasoning differs, and we do not

agree that we should grant a new trial on those counts. In our view, Supreme Court erred in granting the People's motion to amend the bill of particulars to allege that defendant constructively possessed the cocaine seized from the vehicle in which he was a passenger. The bill of particulars provided by the People prior to trial put defendant on notice that he was charged with physically possessing the cocaine and that the People were proceeding only under that theory (*cf. People v Edwards*, 304 AD2d 367, 368 [2003], *lv denied* 1 NY3d 571 [2003]; *People v Ward*, 282 AD2d 819, 821 [2001], *lv denied* 96 NY2d 942 [2001]). The majority acknowledges that the amendment to the bill of particulars altered the People's theory of the case but concludes that defendant suffered no undue prejudice as a result of the amendment. We disagree. The fact that the People presented evidence that could possibly support the theory of constructive possession did not provide defendant with notice that the People's theory had changed or eliminate the prejudice to defendant. The focus of defendant's trial strategy was the People's theory that defendant physically possessed the cocaine. By encouraging and then permitting the People to amend the bill of particulars at the close of their proof, the court deprived defendant of the ability to adjust his strategy to meet the new theory (*see People v Roberts*, 72 NY2d 489, 499 [1988]) and, in addition, deprived him of the defense that he did not physically possess the cocaine (*see generally People v Johnson*, 227 AD2d 927, 928 [1996], *lv denied* 88 NY2d 1022 [1996]; *People v Thompson*, 217 AD2d 929, 930 [1995]; *People v Powell*, 153 AD2d 54, 56-57 [1989], *lv denied* 75 NY2d 969 [1990]). The amendment permitted here "made a significant, substantive change in the theory of the prosecution at the close of trial, resulting in serious prejudice to defendant" (*People v Ortiz*, 207 AD2d 279, 280 [1994], *lv denied* 84 NY2d 909 [1994]; *see Johnson*, 227 AD2d at 928; *Powell*, 153 AD2d at 56-57). Because the evidence is legally insufficient to support the conviction of criminal possession of a controlled substance in the first and third degrees, we would modify the judgment by reversing those parts convicting defendant of those charges and dismissing counts 20 and 21 of the indictment. If those counts are dismissed, there is no need to grant a new trial based on the court's error in denying defendant's request for a circumstantial evidence charge with respect to those counts. Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.