People v Merolle (2024 NY Slip Op 05904)

People v Merolle

2024 NY Slip Op 05904

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Ind. No. 538/21 Appeal No. 3124 Case No. 2022-04877 

[*1]The People of the State of New York, Respondent,
v
Patrick Merolle, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Luz Beato of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura Ward, J., at hearings; Neil Ross, J., at plea; Miriam Best, J., at sentencing), rendered October 20, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony offense, to a term of eight years, unanimously affirmed.
The court providently exercised its discretion in conducting the suppression hearing in defendant's absence. The People made diligent but unsuccessful efforts to locate defendant and, under all the circumstances, the court had "no reason to believe that an adjournment would result in defendant's presence" (People v Michael, 293 AD2d 428 [1st Dept 2002], lv denied 99 NY2d 537 [2002]).
Defendant's arrest was supported by probable cause. The officers received a radio run indicating a robbery at a hotel on 39th Street between Eighth and Ninth Avenues, which included a description of the suspect as white, 5 foot 10, and wearing a black jacket, and stated that he fled in a white Ford. The officers then permissibly followed a white Ford they spotted traveling away from the hotel on the block where the robbery allegedly occurred, immediately after receiving the radio transmission. After following the car for 20 to 30 minutes, the officers saw defendant, who fit the physical description, emerge from the car and enter an apartment building. At that time, the officers possessed at least a founded suspicion that criminality was afoot, authorizing a common-law inquiry (see People v Hollman, 79 NY2d 181, 185 [1992]). As part of that inquiry, the officers permissibly directed defendant to descend the stairs back to the lobby, put the backpacks he was carrying down, and stop moving (see People v Bora, 191 AD2d 384, 385 [1st Dept. 1993], affd 83 NY2d 531 [1994]). Shortly thereafter, when the victim identified defendant in a show-up, the officers possessed probable cause to arrest (see People v Flow, 37 AD3d 303, 304 [1st Dept. 2007], lv denied 9 AD3d 843 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024